

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Albert J. Hutson
County Attorney
Trinity County
Groveton, Texas

Dear Sir:

Opinion No. O-2341
Re: Arrest without warrant -
Drunkenness in a public
place.

We are in receipt of your letter of recent date in which you ask the following question:

"May an officer legally arrest, without a warrant, a person found drunk in a public place?"

You refer to the case of Bennett vs. State, 124 S.W. (2d) 359, and say that in that case the court strongly intimated that it would hold that a sheriff or constable is not authorized to make an arrest under the circumstances of your question as stated above.

We have examined the papers on file in the Court of Criminal Appeals in the Bennett case, in addition to again reading the opinion in said cause. The history of the Bennett case is as follows:

Appellant was accosted by a police officer of the City of Marshall, Texas, the officer having received information that Bennett was in an intoxicated condition on the public streets. He discerned that appellant was in such condition, and attempted to perfect an arrest without a warrant. Appellant resisted and in the scuffle which ensued, he took the policeman's billy away from him and struck the officer on the head, inflicting painful wounds. A bystander came to the rescue of the policeman, and the two overpowered appellant, handcuffed him, and took him to the police station.

The case was appealed to the Court of Criminal Appeals on the ground of insufficiency of the evidence, the contention being that since there was no evidence of any conduct on the part of appellant in the nature of a breach of the peace, the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Albert J. Hutson, Page 2

officer had no right to arrest; therefore, appellant was justified in using reasonable force to prevent his illegal arrest. The State contended that since there was evidence of appellant's being drunk in a public place, the officer had the right to arrest without a warrant, drunkenness being an offense "against the public peace." Based upon this interpretation, the State charged appellant with an aggravated assault under Section 1 of Article 1147, Penal Code.

The record failing to show that notice of appeal was duly recorded in the minutes of the court, on original consideration the appeal was dismissed (124 S.W. 359). Upon perfection of the record, the appeal was reinstated, and the cause reversed and remanded. The opinion thus directing read in part as follows:

"It does not appear from the testimony that prior to the time of his arrest, appellant had done or said anything which would come within the meaning of a breach or disturbance of the peace. At the time the officer first saw him, he was standing in the doorway at the elevator in the Twymon Building within a block of the courthouse.

"Art. 212, C. C. P. provides:

"'A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an offense against the public peace.'

"Therefore the arrest of appellant without a warrant when he was committing neither a breach of the peace or a felony was not authorized by law unless a local ordinance authorized such arrest. See Williams v. State, 64 Tex. Crim. Rep., 491. Since there is no proof in this record of such an ordinance, the question must be decided by Art. 212, C. C. P., as above set out, and the general laws of this state.

"In the case of King v. State, 103 S.W. (2d) 754, this court said:

"'Drunkenness is not classed as a felony, neither is it an offense against the public peace.'

"The only distinction between the instant case

Honorable Albert J. Hutson, Page 3

and the one quoted from is that the officer in the latter case attempted to arrest King without a warrant at his residence, whereas in the instant case the officer attempted to arrest appellant for being drunk in a public place.

"The state failed to show that the policeman had a legal right to make or attempt to make the arrest without a warrant. If the arrest was illegal, appellant had the right to resist, or to extricate himself from said arrest, and under such circumstances had a right to resort to such force as was reasonably necessary to accomplish that objective."

The State filed a motion for rehearing, citing Articles 998 and 999, Revised Civil Statutes, 1925, 15 Texas Jurisprudence 300 and Pratt vs. Brown, 80 Tex. 608, 16 S.W. 443.

Upon reconsideration, the Court of Criminal Appeals withdrew its opinion as partially quoted above, and discussing the authorities cited by the State, granted the motion and affirmed the case. The authorities cited in the State's motion for rehearing and discussed by the court established the right of city marshals and policemen to arrest for drunkenness in a public place without warrant on the ground that same constitutes disorderly conduct per se, irrespective of whether there is additional misconduct constituting a breach of the peace. That the granting of the State's motion was founded on such theory is attested by the final paragraphs of Judge Graves' opinion:

"Thus believing we hold that policemen have the power under the statute to arrest without warrant persons found in a state of drunkenness in a public place, within their jurisdiction, and that drunkenness in such place is disorderly conduct.

"We are aware that this holding evidences a different rule for sheriffs and constables from that of policemen. The former are not included in Arts. 998 and 999, R.C.S., but find their powers enumerated in Art. 212, C.C.P., and Art. 41, C.C.P., which articles may not include the power to arrest for disorderly conduct without a warrant. This leads us to make the suggestion to the Legislature that proper legislation is needed to place both classes of peace officers on an equal footing relative to the arrest of intoxicated persons without

Honorable Albert J. Hutson, Page 4

> a warrant where the offense is committed in such officers' presence." (Emphasis ours.)

From the above and foregoing, it is our opinion that unless there is other and additional evidence than mere intoxication in a public place, sheriffs and constables do not have the legal right to arrest one so violating Article 477, Penal Code, unless such officers first procure a warrant of arrest, while police officers of a city may lawfully make an arrest without a warrant under the same state of facts. Although the opinion in Bennett vs. State, supra, was released by the court prior to our last legislative session, and appellant's motion for rehearing was overruled while the Legislature was in session, no amendment to the statute was passed.

We have been unable to find a further expression by the Court of Criminal Appeals since the Bennett case. In the case of Clark vs. West, 126 S.W. (2d) 569, the Court of Civil Appeals at El Paso held in an opinion rendered January 19, 1939 (rehearing denied, March 23, 1939) that if a deputy sheriff placed one under arrest, without a warrant, on a charge of drunkenness in a public place, the arrest was a lawful one; but investigation discloses a writ of error was granted by our Supreme Court, and the case has not yet been disposed of. Regardless of the outcome of the civil suit of Clark vs. West, since the Court of Criminal Appeals is the court of exclusive and final jurisdiction in criminal cases, its interpretation as stated in the Bennett case is binding upon peace officers in enforcement of the criminal law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

BW/oe

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED MAY 20, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS